Oleg's Acupuncture, P.C., as Assignee of Malaysia Mullervy, Respondent,
against
State Farm Mutual Automobile Ins. Co., Appellant.




Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for appellant.
Gary Tsirelman, P.C. (David M. Gottlieb of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered May 31, 2016. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). By order entered May 31, 2016, the Civil Court denied the motion, but found, in effect pursuant to CPLR 3212 (g), that defendant had established the timely and proper mailing of the EUO scheduling letters and denial of claim forms, as well as plaintiff's failure to appear for the EUOs. The Civil Court further found that the only remaining issues for trial were plaintiff's prima facie case and whether plaintiff had failed to appear for the EUOs "due to a discrepancy as to the person stated in the EUO request letters to report to at the EUO, and the person signing the affirmation alleging he was assigned and stating that plaintiff failed to appear." Defendant appeals, contending that it was entitled to summary judgment dismissing the complaint.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the ground that a provider had failed to appear for an EUO, an insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the provider, that the provider had twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Parisien v Metlife Auto & Home, 54 Misc 3d [*2]143[A], 2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). A review of the record establishes that the Civil Court correctly determined that defendant had established the timely and proper mailing of the EUO scheduling letters and the denial of claim forms, as well as plaintiff's failure to appear for the EUOs. As a result, the Civil Court should have granted defendant's motion for summary judgment. We note that an EUO request letter which lists a contact at defendant's law firm which is different from the attorney at the same law firm signing the otherwise sufficient affirmation of nonappearance of plaintiff at the duly scheduled EUO does not raise a triable issue of fact.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2019